**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| QCE FINANCE LLC, | ) |
| | ) Case No. 14-_____ (   ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4287897 | ) |
| | ) |
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN FOOD DISTRIBUTORS LLC, | ) |
| | ) Case No. 14-_____ (   ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 84-1558099 | ) |
| | ) |
| In re: | ) |
| | ) Chapter 11 |
| NATIONAL MARKETING FUND TRUST, | ) |
| | ) Case No. 14-_____ (   ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 84-6314951 | ) |
| | ) |
| In re: | ) |
| | ) Chapter 11 |
| QAFT, INC, | ) |
| | ) Case No. 14-_____ (   ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-2986947 | ) |
| | ) |
| In re: | ) |
| | ) Chapter 11 |
| QCE LLC, | ) |
| | ) Case No. 14-_____ (   ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-3572969 | ) |

| | |
|---|---|
| In re:<br><br>QFA ROYALTIES LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 20-1812402 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>QIP HOLDER LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 20-1812353 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>Quiz-CAN LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 20-0567714 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>QUIZNO'S CANADA HOLDING LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 20-3723220 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>QUIZNOS GLOBAL LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 72-1522772 | Chapter 11<br><br>Case No. 14-_____ ( ) |

| | |
|---|---|
| In re:<br><br>RESTAURANT REALTY LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 27-1158293 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>THE QUIZNO'S MASTER LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 82-0543148 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>THE QUIZNO'S OPERATING COMPANY LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 27-3428945 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>THE REGIONAL ADVERTISING PROGRAM TRUST,<br><br>               Debtor.<br><br>Tax I.D. No. 84-6352035 | Chapter 11<br><br>Case No. 14-_____ ( ) |
| In re:<br><br>TQSC II LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 20-2338683 | Chapter 11<br><br>Case No. 14-_____ ( ) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seek

entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of their respective chapter 11 cases.  In support of this motion, the Debtors submit the Declaration of Stuart K. Mathis in Support of First Day Pleadings (the "***First Day Declaration***") and respectfully state as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***").

**BACKGROUND**

**A.      General Background**

4.      On the date hereof (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  No official committee has been appointed or designated.

5.      A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the First Day Declaration filed contemporaneously herewith and incorporated by reference as if fully set forth herein.

**B.    Specific Background**

6.    The Debtors in these chapter 11 cases include QCE Finance LLC ("***QCE Finance***") and 14 of QCE Finance's direct and indirect subsidiaries.  The organizational structure of the Debtors is set forth on **Exhibit A** to the First Day Declaration.

## RELIEF REQUESTED

7.    The Debtors seek joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rules 1015-1 and 9013-1(m).

## SUPPORTING AUTHORITY

8.    Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2).  11 U.S.C. § 101(2). Therefore, this Court is authorized to consolidate the Debtors' cases for procedural purposes.

9.    In addition, Local Rule 1015-1 permits a bankruptcy court to enter an order granting joint administration of two or more cases "upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration . . . is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

10.    Joint administration of the Debtors' chapter 11 cases will avoid the preparation, replication, service and filing of duplicative notices, applications and orders in each of the 15 respective dockets, thereby saving the Court, the Debtors and other parties in interest substantial time and expense.  The requested relief will not adversely affect parties' rights, as this motion requests only administrative, and not substantive, consolidation of the Debtors' estates.  In fact,

the reduced costs that will result from the joint administration of these chapter 11 cases will inure to the benefit of all of the Debtors' stakeholders. Therefore, joint administration is warranted and will ease the administrative burden on the Court and the parties.

11.     Accordingly, the Debtors respectfully request that the caption of their chapter 11 cases to be used by all parties in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QCE FINANCE LLC, *et al.*, | ) | Case No. 14-_____ (  ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

12.     The Debtors also seek to waive the requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in these cases contain the name, tax identification number and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in the caption, the Debtors propose to include in a footnote to each pleading and notice a list of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers along with the address of QCE Finance's corporate headquarters. The simplified caption is particularly appropriate in the context of these pre-packaged chapter 11 cases. In addition, the case-specific information will be listed in the petitions for the respective Debtors, which are publicly available. Therefore, the Debtors submit that the policies behind the

requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002 have been satisfied.

13.     The Debtors also request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (other than that of QCE Finance), substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of QCE Finance LLC (Case No. 14-_____(____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 14-_____(____) should be consulted for all matters affecting this case."

14.     Courts in this District frequently have granted similar relief in other chapter 11 cases. *See, e.g., In re Geokinetics Inc.*, No. 13-10472 (KJC) (Bankr. D. Del. Mar. 12, 2013), Docket No. 70; *In re THQ Inc.*, No. 12-13398 (MFW) (Bankr. D. Del. Dec. 20, 2012), Docket No. 32; *In re Overseas Shipholding Grp., Inc.*, No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012), Docket No. 38; *In re A123 Sys., Inc.*, No. 12-12859 (KJC) (Bankr. D. Del. Oct. 18, 2012), Docket No. 74; *In re Amicus Wind Down Corp. (f/k/a Friendly's Ice Cream Corp.)*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 6, 2011), Docket No. 47.[1]

15.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate and in the best interests of their estates and creditors and other parties in interest and should be granted.

## NOTICE

16.     Notice of this motion has been provided to the following parties, or, in lieu thereof, their counsel:  (a) the Office of the United States Trustee for the District of Delaware;

---

[1]     Due to the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

(b) the entities on the Consolidated List of Creditors Holding the 35 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Milbank Tweed Hadley & McCloy LLP, as counsel to the Consenting First Lien Lenders, Attn:  Thomas R. Kreller and David B. Zolkin; (d) Morris Nichols Arsht & Tunnell LLP, as local counsel to the Consenting First Lien Lenders, Attn:   Robert J. Dehney; (e) O'Melveny & Myers LLP, as counsel to Avenue Capital Management II, L.P. and its affiliates, Attn: John J. Rapisardi and Joseph Zujkowski; (f) Skadden Arps Slate Meagher & Flom LLP, as counsel to Fortress Investment Group and its affiliates, Attn:  Van C. Durrer, II; (g) Kasowitz Benson Torres & Friedman LLP, as counsel to Vectra Bank Colorado, National Association, Attn:  Adam L. Shiff and Matthew B. Stein; and (h) all parties entitled to notice pursuant to Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the proposed order, substantially in the form annexed as **Exhibit A** hereto, granting the relief requested in the motion and (b) grant such other and further relief as may be just, proper and equitable.

Wilmington, Delaware
Date: March 14, 2014

**RICHARDS LAYTON & FINGER P.A.**
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Lee E. Kaufman (No. 4877)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 654-7700
Facsimile:  (302) 651-7701

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (*pro hac vice* admission pending)
Philip C. Dublin (*pro hac vice* admission pending)
Jason P. Rubin (*pro hac vice* admission pending)
Ashleigh L. Blaylock (*pro hac vice* admission pending)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>QCE FINANCE LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 45-4287897 | Chapter 11<br><br>Case No. 14-_____ (   ) |
| In re:<br><br>AMERICAN FOOD DISTRIBUTORS LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 84-1558099 | Chapter 11<br><br>Case No. 14-_____ (   ) |
| In re:<br><br>NATIONAL MARKETING FUND TRUST,<br><br>                    Debtor.<br><br>Tax I.D. No. 84-6314951 | Chapter 11<br><br>Case No. 14-_____ (   ) |
| In re:<br><br>QAFT, INC,<br><br>                    Debtor.<br><br>Tax I.D. No. 20-2986947 | Chapter 11<br><br>Case No. 14-_____ (   ) |
| In re:<br><br>QCE LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 20-3572969 | Chapter 11<br><br>Case No. 14-_____ (   ) |

| | |
|---|---|
| In re: | Chapter 11 |
| QFA ROYALTIES LLC, | Case No. 14-_____ (  ) |
| Debtor. | |
| Tax I.D. No. 20-1812402 | |

| | |
|---|---|
| In re: | Chapter 11 |
| QIP HOLDER LLC, | Case No. 14-_____ (  ) |
| Debtor. | |
| Tax I.D. No. 20-1812353 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Quiz-CAN LLC, | Case No. 14-_____ (  ) |
| Debtor. | |
| Tax I.D. No. 20-0567714 | |

| | |
|---|---|
| In re: | Chapter 11 |
| QUIZNO'S CANADA HOLDING LLC, | Case No. 14-_____ (  ) |
| Debtor. | |
| Tax I.D. No. 20-3723220 | |

| | |
|---|---|
| In re: | Chapter 11 |
| QUIZNOS GLOBAL LLC, | Case No. 14-_____ (  ) |
| Debtor. | |
| Tax I.D. No. 72-1522772 | |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RESTAURANT REALTY LLC, | ) |
| | ) Case No. 14-_____ (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-1158293 | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| THE QUIZNO'S MASTER LLC, | ) |
| | ) Case No. 14-_____ (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-0543148 | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| THE QUIZNO'S OPERATING COMPANY LLC, | ) |
| | ) Case No. 14-_____ (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-3428945 | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| THE REGIONAL ADVERTISING PROGRAM TRUST, | ) |
| | ) Case No. 14-_____ (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 84-6352035 | ) |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TQSC II LLC, | ) |
| | ) Case No. 14-_____ (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-2338683 | ) |
| | ) **Re:  Docket No. _____** |

### ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "*Motion*")[1] of the Debtors, for entry of an order pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of these chapter 11 cases for procedural purposes; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion; and upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, each of the above-captioned chapter 11 cases is consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 14-_____(_____).

3.      Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned chapter 11 cases.

4.      The caption of the Debtors' jointly administered cases shall read as follows:

---

[1]     Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QCE FINANCE LLC, *et al.*,[1] | ) | Case No. 14-_____ (   ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

5.     All pleadings and notices shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the chapter 11 case of QCE Finance LLC, Case No. 14-_____ (____).

6.     The requirements under Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002 that the case caption in pleadings and notices include certain identifying information about the Debtors are waived, and the caption set forth herein, including the footnote listing the Debtors in these chapter 11 cases, the last four numbers of their tax identification numbers and the address of the Debtors' corporate headquarters, is approved as modified.

7.     A docket entry shall be made in each of the Debtors' chapter 11 cases (except QCE Finance LLC) substantially as follows:

"An order has been entered in this case consolidating this case with the case of QCE Finance LLC (Case No. 14-_____ (____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 14-_____ (____) should be consulted for all matters affecting this case."

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  QCE Finance LLC (7897); American Food Distributors LLC (8099); National Marketing Fund Trust (4951); QAFT, Inc. (6947); QCE LLC (2969); QFA Royalties LLC (2402); QIP Holder LLC (2353); Quiz-CAN LLC (7714); Quizno's Canada Holding LLC (3220); Quiznos Global LLC (2772); Restaurant Realty LLC (8293); The Quizno's Master LLC (3148); The Quizno's Operating Company LLC (8945); The Regional Advertising Program Trust (2035); and TQSC II LLC (8683).  The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1001 17th Street, Suite 200, Denver, Colorado 80202.

8.     The Court retains jurisdiction with respect to all matters arising from or related to

the interpretation or implementation of this Order.


Wilmington, Delaware
Dated: _____, 2014


_____
United States Bankruptcy Judge